UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARRY CONSTABLE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br><br>Respondent. | No. 2:25-cv-1434 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The petition indicates that petitioner is challenging his credit-earning rate and alleges that petitioner was convicted of a serious non-violent felony and was "sentenced to 1/3rd mid term on a prop 57 case" and that he "should have 50% or 1/2 credit term rating" and that "[t]he judge sentenced [him] to this." ECF No. 1 at 2-3.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

1

court." "District courts are permitted to *sua sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion." <u>Atkins v. Montgomery</u>, No. 20-56007, 2024 WL 3594386, at *2, 2024 U.S. App. LEXIS 18985, at *4 (9th Cir. 2024) (citation omitted); <u>see also</u> <u>Day v. McDonough</u>, 547 U.S. 198, 206 (2006) ("federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level" (citation omitted)).

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)). It is unclear whether petitioner is attempting to challenge the sentence imposed by the trial judge or the California Department of Corrections and Rehabilitation's determination of his credit-earning rate. Either way, however, the issue presented is a purely state law issue. Challenges to a state court's interpretation or application of state sentencing laws do not give rise to a federal question cognizable in federal habeas. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)). Moreover, California's credits system is a creature of state law, and a claim that petitioner's credits have been miscalculated under that system is an issue of state law. See, e.g., <u>Washington v. Lundy</u>, No. 2:24-cv-2242 BBM MAA, 2025 WL 1085106, at *3, 2025 U.S. Dist. LEXIS 69888, at *9-10 (C.D. Cal. Jan. 17, 2025) (claims regarding rate of earning credits not cognizable in federal habeas) (collecting cases), <u>adopted by</u> 2025 WL 1082730, 2025 U.S. Dist. LEXIS 69002 (C.D. Cal. Apr. 9, 2025); <u>Grandberry v. Soto</u>, No. 15-cv-7435 DMC JC, 2016 WL 8732426, at *4, 2016 U.S. Dist. LEXIS 185813, at *7-9 (C.D. Cal. June 15, 2016) (same), adopted by 2017 WL 1371246, 2017 U.S. Dist. LEXIS 55287 (C.D. Cal. Apr. 10, 2017); <u>Kitchen v. Jaime</u>, No. 18-cv-6514 JEM, 2021 WL 597874, at *7-8, 2021 U.S. Dist. LEXIS 28588, at *17-

18 (C.D. Cal. Feb. 16, 2021) (same). Accordingly, the petition does not present a ground for relief that is cognizable on federal habeas.

Even if petitioner could amend the petition to state a cognizable claim for relief, the petition is unexhausted. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). Although petitioner asserts that he has appealed the decision and sought review in the California Supreme Court, he provides no information about either proceeding and he also indicates that he is raising the claim for the first time. ECF No. 1 at 5, 8. A search of both the California Court of Appeal, Third Appellate District and the California Supreme Court's case information websites returns no results for petitioner's name, indicating that petitioner has not filed anything with either court, and any claims he might be attempting to bring are unexhausted.[1]

Because the instant petition does not state any viable claims for relief and is unexhausted, the undersigned will recommend dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is GRANTED; and

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: November 4, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE